IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 10-cv-700<br><br>District Judge William M. Conley<br><br>Magistrate Judge Stephen L. Crocker |

## JOINT STATUS REPORT

Pursuant to the Court's July 16, 2012 order, Plaintiffs Motorola Mobility, Inc. and General Instrument Corporation (collectively, "Motorola Mobility") and Microsoft Corporation (Microsoft) respectfully submit this joint status report regarding the ITC Investigation, *In the Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752 ("the 752 Investigation").

Fact and expert discovery in the 752 Investigation closed on July 15, 2011, and July 29, 2011, respectively. Presiding ALJ Shaw held a hearing between January 9, 2012, and January 20, 2012, and post-hearing briefing briefs were filed on February 7, 2012, and February 14, 2012. The ALJ issued an Initial Determination on April 23, 2012, finding that Microsoft violated section 337 with respect to four of the five asserted patents. On May 7, 2012, ALJ Shaw issued a recommendation that the Commission should issue a limited exclusion order and a cease and desist order.

That same day, the parties filed petitions and contingent petitions for review of the Initial Determination. On May 15, 2012, the parties filed responses to those petitions and contingent

petitions. Then, on June 8, 2012, Microsoft filed a motion for partial termination of the Investigation with respect to two of the asserted patents, based on a license agreement between Google Inc. (Motorola Mobility's new parent corporation) and MPEG LA.

On June 29, 2012, the Commission issued an Order remanding the 752 Investigation to the presiding ALJ to: (1) apply the Commission's opinion in *Certain Electronic Devices with Image Processing Systems, Components Thereof and Associated Software*, Inv. No. 337-TA-724, Comm'n Op. (Dec. 21, 2011); (2) rule on Microsoft's motion for partial termination of the investigation; and (3) issue a final initial remand determination on violation and a recommended determination on remedy and bonding. The Commission's order also required the ALJ to issue an Initial Determination within 30 days of its Order extending the target date as he deems necessary to accommodate the remand proceedings and allowing four months for Commission review.

On July 24, 2012, ALJ Shaw issued an Initial Determination, scheduling the hearing on remand in the 752 Investigation for December 5 and 6, 2012; determining that the remand initial determination shall be due on March 22, 2013; and extending the target date for completion of the 752 Investigation until July 23, 2013.

On October 5, 2012, ALJ Shaw issued an Order establishing a procedural schedule for the remand proceedings, consistent with the previously-scheduled hearing on December 5 and 6, 2012 and the July 23, 2013 target date for completion of the 752 Investigation. Discovery (both fact and expert) closed on October 31, 2012; the parties exchanged direct exhibits (including written direct testimony of witnesses in their cases in chief) on November 6 and rebuttal exhibits (including written direct testimony of witness in their rebuttal cases) on November 13; and the parties filed pre-hearing briefs and submitted their exhibits on November 16.

On October 24, 2012, Motorola Mobility filed an unopposed motion to terminate the 752 Investigation in part with respect to U.S. Patents No. 5,319,712 and No. 5,357,571, which was granted on November 6, 2012.

On November 21, 2012, ALJ Shaw granted Order No. 49, which set forth the ALJ's position regarding whether certain experts' testimony fell within the scope of the Remand Hearing.  On November 29, 2012, Microsoft filed a motion for leave to file an application for interlocutory review of Order 49 and to stay the proceedings.

A Remand Hearing took place on December 5-6, 2012, as scheduled.  The parties submitted opening Post-Hearing Briefs on December 21, 2012 and responsive Post-Hearing Briefs on January 8, 2013.

On January 8, 2013, Motorola Mobility filed an unopposed motion to terminate the investigation in part with respect to U.S. Patent No. 6,980,596 and No. 7,162,094, which was granted on January 11, 2013.  There is now just one patent remaining in the Investigation.

On March 22, 2013, ALJ Shaw issued an initial determination finding no violation for the one remaining patent in the investigation (U.S. Patent No. 6,069,896).

Petitions for review by the Commission were filed by the parties on April 8, 2013 and responsive petitions were filed on Aril 16, 2013.

On May 23, 2013, the Commission issued a "Notice of Commission Determination Not To Review A Final Initial Remand Determination Finding No Violation Of Section 337; Affirmance Of Original Initial Determination As To Remaining Patent As Modified By the Remand Determination; Termination Of The Investigation."  In that Notice, the Commission stated "Having examined the record of this investigation, including the ALJ's final ID and RID, the petitions for review, and the responses thereto, the Commission has determined not to review

the RID. The Commission affirms the ID issued on April 23, 2012, with respect to the '896 patent as modified by the RID.  In that connection, the Commission adopts the ALJ's findings in the original ID that (1) Motorola waived its indirect infringement argument and (2) Motorola failed to establish indirect infringement on the merits. ID at 67-68. The Commission also adopts the ALJ's amplified findings in the RID that Motorola failed to establish indirect infringement on the merits during the remand proceeding.  Thus, there is no violation of section 337 with respect to the "896 patent. The investigation is terminated."

Motorola has until July 22, 2013 to appeal the Commission's order. Until then, the Commission's Order is not final.  *See, e.g., In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007) ("We thus conclude that § 1659 requires that the stay of district court proceedings continue until the Commission proceedings are no longer subject to judicial review.").

Dated this 1st day of July, 2013.

s/ *John C. Scheller*
John C. Scheller
WI State Bar ID No.  1031247
*jcscheller@michaelbest.com*
J. Donald Best
WI State Bar ID No.  1012450
*jdbest@michaelbest.com*
Michael Best & Friedrich LLP
P. O. Box 1806
Madison, WI  53701-1806
Telephone:     608-257-3501
Facsimile:     608-283-2275

*Attorneys for Defendant Microsoft Corporation*

*Of Counsel:*

David T. Pritikin
*dpritikin@sidley.com*
Richard A. Cederoth
*rcederoth@sidley.com*
Douglas I. Lewis
*dilewis@sidley.com*
John W. McBride
*jmcbri01@sidley.com*
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000

T. Andrew Culbert
*andycu@microsoft.com*
David E. Killough
*davkill@microsoft.com*
**MICROSOFT CORPORATION**
1 Microsoft Way
Redmond, Washington 98052
Telephone:     425-703-8865
Facsimile:     425-869-1327

s/ *Lynn M. Stathas*
Lynn M. Stathas
WI State Bar ID No. 1003695
*lstathas@reinhartlaw.com*
Scott W. Hansen
WI State Bar ID No. 1017206
*shansen@reinhartlaw.com*
Rebecca Frihart Kennedy
WI State Bar ID No. 1047201
*rkennedy@reinhartlaw.com*
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI  53202
Telephone:  414-298-1000
Facsimile:  414-298-8097

*Attorneys for Plaintiffs Motorola Mobility, Inc. and General Instrument Corporation*

*Of Counsel:*

Jesse J. Jenner
Steven Pepe
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036
Telephone:  212-596-9000

Norman H. Beamer
Mark D. Rowland
Gabrielle E. Higgins
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303
Telephone:  650-617-4000